JOURNAL ENTRY AND OPINION
{¶ 1} Grady Krzywkowski appeals from the trial court's dismissal of his petition for postconviction relief, which was filed pursuant to R.C. 2953.21. After reviewing the record and for the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} Krzywkowski was accused of sexually abusing and raping three of his four minor children. The facts of this case have previously been recited in detail by this court in State v.Krzywkowski, Cuyahoga App. No. 80392, 2002-Ohio-4438. The procedural history is as follows.
 {¶ 3} On January 25, 2001, the Cuyahoga County Grand Jury returned an eight-count indictment charging Krzywkowski with six counts of rape, in violation of R.C. 2907.02, and two counts of gross sexual imposition, in violation of R.C. 2907.05. On September 17, 2001, following a jury trial, Krzywkowski was convicted of four counts of forcible rape of a minor under the age of thirteen and two counts of gross sexual imposition on a minor under the age of thirteen. Krzywkowski was acquitted on two counts of rape.
 {¶ 4} On September 19, 2001, the trial court sentenced Krzywkowski to life in prison on each of the four counts of rape; two of the life sentences were ordered to run consecutively, and two were ordered to run concurrently. The trial court also sentenced Krzywkowski to five years of imprisonment on each count of gross sexual imposition; these sentences were ordered to run concurrently with the life sentences. Krzywkowski was further ordered to pay a $20,000 fine and was adjudicated a sexual predator.
 {¶ 5} Krzywkowski timely appealed, and his convictions and sentence were affirmed by this court. See State v. Krzywkowski,
supra. He then filed an appeal with the Ohio Supreme Court, which declined jurisdiction. Following the denial of his appeal by the Supreme Court, Krzywkowski filed an application to reopen his appeal with this court claiming his appellate counsel was ineffective for failing to raise certain assignments of error in his direct appeal, including a claim that his trial counsel was ineffective. See State v. Krzywkowski, Cuyahoga App. No. 80392, 2003-Ohio-3209. This court denied Krzywkowski's application to reopen his appeal. Id. He appealed our decision to the Ohio Supreme Court, which again declined jurisdiction.
 {¶ 6} Having exhausted his appeals, Krzywkowski returned to the trial court and filed a petition for postconviction relief, pursuant to R.C. 2953.21, claiming his trial counsel was ineffective for failing to obtain the services of a psychologist who could have testified as an expert witness. On September 2, 2003, the trial court dismissed his petition. Krzywkowski appealed the trial court's decision to this court in Case No. 83599. He then filed a motion for relief from judgment with the trial court, which was also denied. Krzywkowski appealed that decision to this court in Case No. 83842. On December 15, 2003, the trial court issued its findings of fact and conclusions of law pertaining to Krzywkowski's petition for postconviction relief. Krzywkowski appealed the trial court's determinations to this court in Case No. 84056.
 {¶ 7} At the request of Krzywkowski ("appellant"), his three pending appeals were consolidated by this court for the purposes of briefing, oral argument, and final disposition. He presents this timely appeal alleging three assignment of error for review.[1]
 {¶ 8} In his first assignment of error, the appellant argues that the trial court erred by concluding that his claim for ineffective assistance of counsel should have been raised on direct appeal and is now barred by the doctrine of res judicata.
 {¶ 9} The postconviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment.State v. Steffen, 70 Ohio St.3d 399, 410, 1994-Ohio-111,639 N.E.2d 67. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001),92 Ohio St.3d 1441, 751 N.E.2d 481. Postconviction review is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute.State v. Calhoun, 86 Ohio St.3d 279, 281, 282, 1999-Ohio-102,714 N.E.2d 905.
 {¶ 10} A trial court may dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. State v. Szefcyk, 77 Ohio St.3d 93,1996-Ohio-337, 671 N.E.2d 233, syllabus, approving and followingState v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. Szefcyk at the syllabus; State v. Reynolds,79 Ohio St.3d 158, 161, 1997-Ohio-304, 679 N.E.2d 1131.
 {¶ 11} However, res judicata does not bar claims for postconviction relief when the petitioner presents evidence outside the record that was not in existence and was not available to the petitioner in time to support a direct appeal.State v. Cole (1982), 2 Ohio St.3d 112, 114, 2 Ohio B. 661,443 N.E.2d 169. The evidence submitted outside the record must be competent, relevant, and material to the issue at hand. State v.Lawson (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362, discretionary appeal not allowed, 74 Ohio St.3d 1404,655 N.E.2d 184.
 {¶ 12} "Generally, the introduction of evidence dehors the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid the dismissal on the basis of res judicata." State v. Cole (1982), 2 Ohio St.3d 112,114, 443 N.E.2d 169, 171. An ineffectiveassistance-of-counsel claim, however, may be dismissed as res judicata where the petitioner was represented by new counsel on direct appeal, that counsel failed to raise the issue of trial counsel's incompetence, and the issue could fairly have been determined without evidence dehors the record. Id.
 {¶ 13} In the instant matter, the appellant's ineffective assistance of counsel claim is based on his trial counsel's failure to hire a psychologist as an expert witness to rebut the testimony of the child victims and other witnesses presented by the prosecution at trial. The trial court held that the appellant presented no evidence dehors the record, therefore, the issue of ineffective assistance of counsel is res judicata. However, the expert report attached to the appellant's petition for postconviction relief, which could demonstrate ineffective assistance of counsel, was outside of the original trial court record that was brought on direct appeal. Matters outside of the trial record are not to be considered upon direct appeal.
 {¶ 14} The expert report provides the basis for the appellant's ineffective assistance of counsel argument. Nothing in the original record indicates what kind of testimony a psychologist could provide or how his testimony would have affected the jury. Absent this evidence, the appellant on direct appeal could not prove the deficient performance of his trial counsel as it relates to hiring an expert or prejudice resulting therefrom.
 {¶ 15} We agree with the appellant's assertion that the doctrine of res judicata does not apply to his petition for postconviction relief. However, this issue is not dispositive of the appellant's appeal. The trial court's opinion went on to hold that the appellant had not met his burden of proving his trial counsel was ineffective and denied an evidentiary hearing based on the merits of his petition and the new evidence presented.
 {¶ 16} In his second and third assignments of error, the appellant argues that he established that he was deprived of his right to effective assistance of counsel, and the trial court erred by dismissing his petition for postconviction relief without first holding an evidentiary hearing. The appellant claims that the expert report provided by psychologist Bob Stinson, Ph.D. alleged sufficient operative facts to support his claim for ineffective assistance of counsel.
 {¶ 17} A defendant seeking to challenge a conviction or sentence through a petition for postconviction relief under R.C.2953.21 is not automatically entitled to a hearing. Calhoun, at 282; State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819. We review the trial court's denial of an evidentiary hearing under an abuse of discretion standard. Calhoun, at 284 (stating the postconviction relief statute clearly calls for discretion in determining whether to grant a hearing).
 {¶ 18} To warrant an evidentiary hearing on a petition for postconviction relief, a petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of a constitutional error. R.C. 2953.21(C). The evidence must show "* * * there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C.2953.21(A)(1). Pursuant to R.C. 2953.21(C), a defendant's petition for postconviction relief may be denied by a trial court without holding an evidentiary hearing where the petition, supporting affidavits, documentary evidence, and records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, at paragraph two of the syllabus.
 {¶ 19} It is presumed that a properly licensed attorney executed his or her legal duty in an ethical and competent manner. State v. Smith (1985), 17 Ohio St.3d 98. To prevail on a claim of ineffective assistance of defense counsel, a postconviction petitioner must demonstrate (1) that trial counsel's performance fell below an objective standard of reasonableness, and (2) that trial counsel's deficient performance prejudiced his defense. See Strickland v.Washington (1984), 466 U.S. 668, 694, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. To establish prejudice, the petitioner must demonstrate that counsel's deficient performance "so undermined the proper functioning of the adversarial process that the trial could not have reliably produced a just result." State v. Powell (1993),90 Ohio App.3d 260, 266, 629 N.E.2d 13; see, also, Strickland,
supra.
 {¶ 20} Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if a better strategy had been available. See State v.Phillips, 74 Ohio St.3d 72, 85, 1995-Ohio-171, 656 N.E.2d 643. The decision whether to call a witness is generally a matter of trial strategy and, absent a showing of prejudice, does not deprive a defendant of effective assistance of counsel. State v.Williams (1991), 74 Ohio App.3d 686, 694, 600 N.E.2d 298.
 {¶ 21} Further, the failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel. State v. Nicholas (1993),66 Ohio St.3d 431, 436, 613 N.E.2d 225; see, also, State v. Thompson (1987),33 Ohio St.3d 1, 10-11, 514 N.E.2d 407; State v. Hartman,93 Ohio St.3d 274, 299, 2001-Ohio-1580, 754 N.E.2d 1150.
 {¶ 22} In many criminal cases, trial counsel's decision not to seek expert testimony "is unquestionably tactical because such an expert might uncover evidence that further inculpates the defendant." State v. Glover, Clermont App. No. CA2001-12-102, 2002-Ohio-6392, at paragraph 95; see, also, State v. Samatar,
Franklin App. No. 03AP-1057, 2004-Ohio-2641.
 {¶ 23} In the instant matter, Dr. Stinson opined in his report, with a reasonable degree of psychological certainty, that his psychological expertise, particularly in the way of expert testimony, could have had a significant and material impact on the way the trier of fact understood, interpreted, and weighed much of the evidence which was presented in the case. He also opined that his psychological expertise would have had a material and significant effect on how the appellant's defense attorney would have questioned expert witnesses.
 {¶ 24} In preparing his report, Dr. Stinson reviewed the trial court transcripts and the testimony of prosecution witnesses. Dr. Stinson states in his report that the testimony of Cynthia King, Julie Prettyman, and Dr. Gemmill were not open to the concept of falsifiability and, therefore, did not constitute good scientific practice. However, Dr. Stinson did not psychologically evaluate the appellant or any of the victims in this case. Dr. Stinson's report is mostly filled with statistics and generalities concerning children who are sexually abused and standards of scientific methodologies. Stinson's expert report does not establish that the performance of appellant's trial counsel fell below an objective standard of reasonableness when he failed to hire a psychologist as a expert witness.
 {¶ 25} Furthermore, neither Dr. Stinson's report nor the appellant's petition for postconviction relief state that the testimony of Dr. Stinson or his help in cross-examining the prosecution's witnesses would have changed the outcome of the trial. Dr. Stinson's report does not allege that the testimony he could have provided would have supported the appellant's innocence or acquittal.
 {¶ 26} Moreover, the trial record is replete with evidence that the appellant's trial counsel was in fact competent and effective. A review of the trial transcript reveals an extensive and vigorous cross-examination of the prosecution's witnesses by appellant's counsel.
 {¶ 27} After reviewing the appellant's postconviction petition, the attached expert report of Dr. Stinson, and the original trial court record, we conclude that the appellant has failed to set forth sufficient operative facts establishing a claim of ineffective assistance of counsel. Therefore, the trial court did not abuse its discretion in dismissing the appellant's postconviction petition without first conducting an evidentiary hearing.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., Concurs.
 McMonagle, J., Concurs in judgment only.
[1] Assignments of Error:
"I. The trial court erred in applying the doctrine of res judicata to Krzywkowski's claim for relief, thus violating Krzywkowski's constitutional rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Sections 5 and 16, Article I of the Ohio Constitution."
"II. The trial court erred in dismissing Krzywkowski's petition without an evidentiary hearing because Krzywkowski provided sufficient evidence that he was denied the effective assistance of counsel."
"III. The trial court erred in denying Grady Krzywkowski's petition for state post-conviction relief because Krzywkowski established that he was deprived of his right to the effective assistance of counsel, as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution."