OPINION
{¶ 1} Defendant-appellant, William Hicks, appeals the decision of the Butler County Court of Common Pleas denying his petition for postconviction relief. We affirm the trial court's decision.
 {¶ 2} In June 2002, appellant was convicted of one count of engaging in a pattern of corrupt activity, one count of attempted theft by deception, and 21 counts of theft by deception. The convictions arose out of appellant's operation of APF Buildings, Inc., a construction company. Following his conviction, appellant filed a motion for a new trial alleging his trial counsel was ineffective. In support of the motion appellant submitted an affidavit stating that his trial counsel had not informed him of a plea offer. The trial court overruled the motion. Appellant subsequently appealed his convictions, alleging in part that his trial counsel was ineffective. This court affirmed the convictions. SeeState v. Hicks, Butler App. No. CA2002-08-198, 2003-Ohio-7210.
 {¶ 3} In November 2003, appellant filed a petition for postconviction relief, again alleging that he was denied the effective assistance of counsel. In support of the petition, he submitted his own affidavit, the affidavit of Brandon Voelker, an attorney who represented appellant in his business dealings, and the affidavits of Dan Hicks and Lisa Hicks. The trial court dismissed the petition without holding an evidentiary hearing, finding that appellant's claims of ineffective assistance of counsel were barred by res judicata. He appeals, raising two related assignments of error which we will consider together.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred in applying the doctrine of res judicata to Mr. Hicks [sic] claim for relief; thus violating Mr. Hicks' rights under the Sixth and Fourteenth Amendments to the United State Constitution and Article I Section 10 and 16 of the Ohio Constitution."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "The post conviction [sic] court erred in not granting an evidentiary hearing in this matter in violation of Hicks' right to due process of law."
 {¶ 8} In the assignments of error, appellant argues that he submitted sufficient evidence outside the record to bar the application of res judicata. Consequently, he argues that the trial court erred by dismissing his petition without holding an evidentiary hearing.
 {¶ 9} A criminal defendant who seeks to challenge his conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. State v. Calhoun, 86 Ohio St.3d 279,282, 1999-Ohio-102. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Id. at paragraph two of the syllabus. A trial court's decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. Id. at 284.
 {¶ 10} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."State v. Szefcyk, 77 Ohio St.3d 93, 96, 1996-Ohio-337, quoting State v.Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. However, the presentation of competent, relevant, and material evidence outside the record may preclude the application of res judicata. Statev. Lawson (1995), 103 Ohio App.3d 307, 315, citing State v. Smith
(1985), 17 Ohio St.3d 98, 101, fn. 1. The evidence presented outside the record "must meet some threshold standard of cogency; otherwise it would be too easy to defeat the res judicata doctrine by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis[.]" Lawson at 315, citing State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811.
 {¶ 11} In his petition for postconviction relief, appellant argued that his trial counsel was ineffective for failing to call attorney Brandon Voelker to testify at trial; failing to call satisfied customers as witnesses; preventing appellant from testifying; and failing to advise appellant about a plea offer. Aside from the allegation that he was prevented from testifying at trial, appellant raised each of these alleged deficiencies in his direct appeal, and this court rejected each claim. See Hicks. Appellant is consequently barred by res judicata from raising these issues in his petition for postconviction relief. Appellant's contention that his trial counsel was ineffective for not permitting him to testify is an issue that could have been raised in his motion for a new trial, and is likewise barred by res judicata. See Szefcyk at 96.
 {¶ 12} Additionally, the evidence presented outside the record does not advance appellant's ineffective assistance claim beyond "mere hypothesis." The affidavits of satisfied clients that appellant presented along with his postconviction relief petition are merely cumulative to evidence already in the record, and considered by this court in his direct appeal. Voelkers affidavit is similarly cumulative to evidence contained in the record, and in considering appellant's direct appeal, this court concluded that appellant failed to demonstrate that the outcome of the trial would have been any different had Voelker been called to testify. Hicks at ¶ 24. The affidavits of Dan Hicks and Lisa Hicks stating that appellant's trial counsel was a "civil attorney who does not know what he is doing" are marginally relevant to his claim of ineffective assistance of counsel. As noted by the trial court, the affidavits are entitled to little weight as they are similarly worded, rely on hearsay, and offered by appellant's relatives. See Calhoun at 285.
 {¶ 13} The issues raised by appellant's petition for postconviction relief are barred by res judicata, and consequently, the trial court did not err by dismissing the petition without holding an evidentiary hearing. Appellant's first and second assignments of error are overruled.
 {¶ 14} Judgment affirmed.
Young, P.J., and Valen, J., concur.