[Cite as *State v. Sheldon*, 2016-Ohio-6984.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2016-04-010 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 9/26/2016 |
| - vs - | | |
| | : | |
| JEREMY SHELDON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2012 CR 2193

Jessica Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Jeremy Sheldon, #A696008, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, Ohio 44901, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1}  Petitioner-appellant, Jeremy Sheldon, appeals from the decision of the Brown County Court of Common Pleas denying his petition for postconviction relief.  For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2}  On July 19, 2012, the Brown County Grand Jury returned an indictment

charging Sheldon with five counts of rape in violation of R.C. 2907.02(A)(1)(b), all first-degree felonies. The charges were based on allegations Sheldon raped his minor daughter, M.S., on five separate occasions between October 2008 and June 2012. At the time the rapes occurred, M.S. was between the ages of seven and twelve years old.

{¶ 3} On October 21, 2013, a jury found Sheldon guilty of all five counts of rape. Thereafter, on November 27, 2013, the trial court then held a sentencing hearing and sentenced Sheldon to life in prison without the possibility of parole. The trial court also designated Sheldon a Tier III sex offender. This court affirmed Sheldon's conviction on direct appeal, a decision the Ohio Supreme Court declined to review. *State v. Sheldon*, 12th Dist. Brown No. CA2013-12-018, 2014-Ohio-5488, appeal not accepted, 142 Ohio St.3d 1453, 2015-Ohio-1591.

{¶ 4} On February 18, 2016, 651 days after the trial transcript was filed with this court in Sheldon's direct appeal, Sheldon filed a petition for postconviction relief, a motion requesting the appointment of counsel, and a motion for funds to procure an expert witness. In support of his petition, Sheldon argued that he received ineffective assistance of counsel when his trial counsel advised both him and his father that he should reject the state's plea offer because he had a "sure win" at trial. Sheldon also alleged that his trial counsel misinformed both him and his father that his "maximum exposure" if he was convicted at trial would be "15 to life, with parole likely after serving 15 years." Sheldon attached affidavits from both he and his father averring the same. Sheldon further argued that the state failed to provide him with certain *Brady* material prior to trial in regards to one of the state's expert witnesses, Dr. Robert Shapiro, a physician with the Cincinnati Children's Hospital.

{¶ 5} On March 21, 2016, the state filed a motion to dismiss Sheldon's petition for postconviction relief on the basis that it was untimely, barred by the doctrine of res judicata, and otherwise without merit. Shortly thereafter, upon finding an evidentiary hearing was not

necessary, the trial court issued a decision denying Sheldon's petition. In so holding, the trial court found Sheldon's petition was untimely and barred by the doctrine of res judicata. The trial court also determined the affidavits from Sheldon and his father that were attached to Sheldon's petition "border on absurdity" and "have little or no credibility." The trial court further denied Sheldon's request for the appointment of counsel and for funds to procure an expert witness.

{¶ 6} Sheldon now appeals from the trial court's decision, raising seven assignments of error for review.

**Standard of Review**

{¶ 7} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Bayless*, 12th Dist. Clinton Nos. CA2013-10-020 and CA2013-10-021, 2014-Ohio-2475, ¶ 8, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). Initial petitions for postconviction relief are governed by R.C. 2953.21, which provides three methods for adjudicating the petition. *State v. Chamberlain*, 12th Dist. Brown No. CA2015-03-008, 2015-Ohio-2987, ¶ 5. Specifically, when a criminal defendant challenges his conviction through a postconviction relief petition, the trial court may (1) summarily dismiss the petition without holding an evidentiary hearing pursuant to R.C. 2953.21(C), (2) grant summary judgment on the petition to either party who moved for summary judgment pursuant to R.C. 2953.21(D), or (3) hold an evidentiary hearing on the issues raised by the petition pursuant to R.C. 2953.21(E). *State v. Francis*, 12th Dist. Butler No. CA2014-09-187, 2015-Ohio-2221, ¶ 10.

{¶ 8} "An evidentiary hearing is not automatically guaranteed each time a defendant files a petition for postconviction relief." *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶ 10. Rather, as noted by the Ohio Supreme Court, pursuant to R.C. 2953.21(C), "a trial court properly denies a defendant's petition for postconviction relief

without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun*, 86 Ohio St.3d at paragraph two of the syllabus. Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. *State v. Clark*, 12th Dist. Warren No. CA2008-09-113, 2009-Ohio-2101, ¶ 8.

{¶ 9} "A trial court's decision to summarily deny a postconviction petition without holding an evidentiary hearing pursuant to R.C. 2953.21(C) will not be reversed absent an abuse of discretion." *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 11. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34. A decision is unreasonable when it is "unsupported by a sound reasoning process." *State v. Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010, ¶ 16, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

**Sheldon's Assignments of Error**

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED BY NOT GRANTING THE PETITIONER'S [PETITION FOR POSTCONVICTION RELIEF] BECAUSE THE PETITIONER WAS NOT GIVEN ANY REASONABLE TIME TO RESPOND TO THE STATE'S MOTION TO DISMISS THE [PETITION] BEFORE THE TRIAL COURT RULED ON THE MOTION, AS WAS REQUIRED BY THE DUE PROCESS OF LAW, AND THE EQUAL PROTECTION CLAUSE OF BOTH THE OHIO AND U.S. CONSTITUTIONS.

{¶ 12} In his first assignment of error, Sheldon argues the trial court erred by issuing

its decision summarily denying his petition without first allowing him to file a reply to the state's motion to dismiss. However, nothing within Ohio's postconviction relief statute, R.C. 2953.21, specifies that a petitioner shall "be given an opportunity to reply to any motion filed on behalf of the respondent." *State v. Caldero*, 8th Dist. Cuyahoga No. 83729, 2004-Ohio-2337, ¶ 5. Rather, as this court has stated previously, "a trial court may dismiss a [petition for posconviction relief] without affording the defendant an opportunity to file any supplemental or responsive pleading where the petition fails to set forth any substantive ground upon which relief can be granted." *In re J.B.*, 12th Dist. Butler Nos. CA2005-06-176, CA2005-07-193, and CA2005-08-377, 2006-Ohio-2715, ¶ 48. Therefore, the trial court did not err by taking action on Sheldon's petition without first allowing him to file a reply to the state's motion to dismiss. Accordingly, Sheldon's first assignment of error is without merit and overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED IN RULING THE PETITION WAS NOT TIMELY FILED.

{¶ 15} In his second assignment of error, Sheldon argues the trial court erred by finding his petition was untimely filed. However, regardless of whether the former 180-day time limit or the newly extended 365-day time limit for the filing of a petition for postconviction applies, the fact remains that Sheldon filed his petition for postconviction relief on February 18, 2016, 651 days after the trial transcript was filed with this court in his direct appeal, thus rendering it, at best, 286 days late.[1] Therefore, because the record firmly establishes that Sheldon's petition was untimely filed, Sheldon's second assignment of error is also without merit and overruled.

---

1. Former R.C. 2953.21(A)(2) provided that petitions for postconviction relief were to be filed within 180 days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction. Effective March 23, 2015, this deadline was extended to 365 days.

{¶ 16} Assignment of Error No. 3:

{¶ 17} IF THE PETITION WAS NOT TIMELY FILED, THE TRIAL COURT ERRED IN NOT EXCUSING ITS UNTIMELINESS.

{¶ 18} In his third assignment of error, Sheldon argues the trial court erred by not entertaining his untimely petition for postconviction relief. We disagree.

{¶ 19} If a petitioner fails to file his petition for postconviction relief within the prescribed time period, R.C. 2953.23(A)(1)(a) permits the trial court to entertain such a petition so long as the petitioner demonstrates either (1) he was unavoidably prevented from discovering the facts necessary to assert his claim for relief, or (2) he is invoking a new federal or state right recognized by the United States Supreme Court that is retroactively applicable to persons similarly situated. *State v. Kent*, 12th Dist. Preble No. CA2013-05-003, 2013-Ohio-5090, ¶ 12. If the petitioner satisfies one of these threshold requirements, R.C. 2953.23(A)(1)(b) then requires the petitioner to offer clear and convincing evidence demonstrating that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. *State v. McKelton*, 12th Dist. Butler No. CA2015-10-183, 2016-Ohio-3216, ¶ 8. "A defendant's failure to either timely file a petition for post-conviction relief or meet his burden under R.C. 2953.23(A)(1) deprives a trial court of jurisdiction to entertain the petition." *State v. Taylor*, 9th Dist. Lorain No. 14CA010549, 2014-Ohio-5738, ¶ 9.

{¶ 20} In this case, Sheldon claims the trial court should have excused the untimely filing of his petition because he was unavoidably prevented from discovering the facts necessary to assert his claims for relief due to his "mental injuries," his inability to obtain his father's supporting affidavit, incompetence of his "jailhouse lawyer," and his own limited understanding of the postconviction relief procedure. However, we fail to see how any of these issues unavoidably prevented Sheldon from discovering the facts necessary to assert

his claims for relief, i.e., that he received ineffective assistance of counsel and that the state failed to provide him with certain *Brady* material prior to trial. Nothing about these claims required the discovery of any additional facts that were not otherwise readily available to him.

{¶ 21} Moreover, even if we were to find some evidence to support Sheldon's claim that he was unavoidably prevented from discovering the facts necessary to assert his claims for relief, Sheldon offered no evidence that, but for some constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. As noted above, a jury convicted Sheldon on five counts of rape after it was alleged he had raped his minor daughter, M.S., on five separate occasions between October 2008 and June 2012 when she was between the ages of seven and twelve years old. We affirmed Sheldon's conviction on direct appeal finding his conviction was supported by sufficient evidence and otherwise not against the manifest weight of the evidence. Therefore, because Sheldon failed to meet his burden under R.C. 2953.23(A)(1), Sheldon's third assignment of error is without merit and overruled.

{¶ 22} Assignment of Error No. 4:

{¶ 23} THE TRIAL COURT ERRED IN MAKING BLANKET FINDINGS AS TO ALL SUPPORTING AFFIDAVITED (sic) STATEMENTS.

{¶ 24} In his fourth assignment of error, Sheldon argues the trial court erred by finding the affidavits from him and his father attached to his petition lacked credibility. We disagree.

{¶ 25} Although a trial court should generally give deference to an affidavit filed in support of a petition for postconviction relief, "the trial court is entrusted, based on the sound exercise of discretion, to judge an affiant's credibility in determining whether to accept an affidavit submitted in support of a [petition for postconviction relief] as true." *State v. Blankenburg*, 12th Dist. Butler No. CA2013-11-197, 2014-Ohio-4621, ¶ 31. In turn, "[t]he trial court may, under appropriate circumstances in postconviction relief proceedings, deem

affidavit testimony to lack credibility without first observing or examining the affiant." *Calhoun*, 86 Ohio St.3d at 284. "That conclusion is supported by common sense, the interests of eliminating delay and unnecessary expense, and furthering the expeditious administration of justice." *Id.*

{¶ 26} As noted above, in ruling on Sheldon's petition, the trial court determined that the affidavits from Sheldon and his father "border on absurdity" and "have little or no credibility." After a thorough review of the record, we find no error in the trial court's decision. In so holding, we note that "'Ohio courts have consistently held that affidavits from interested parties such as defendants, co-defendants, and family members are self-serving and may be discounted.'" *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 17, quoting *State v. Nicholson*, 8th Dist. Cuyahoga No. 97873, 2012-Ohio-4591, ¶ 19. Therefore, because we find no error in the trial court's decision, Sheldon's fourth assignment of error is likewise without merit and overruled.

{¶ 27} Assignment of Error No. 5:

{¶ 28} THE TRIAL COURT ERRED IN FINDING/HOLDING RES JUDICATA ISSUE PRECLUSION APPLIED TO ALL OF PETITIONER'S PCRP CLAIMS.

{¶ 29} In his fifth assignment of error, Sheldon argues the trial court erred by finding his claims alleging he received ineffective assistance of counsel and that the state failed to provide him with certain *Brady* material prior to trial were barred by the doctrine of res judicata. We disagree.

{¶ 30} A trial court may dismiss a postconviction relief petition on the basis of res judicata. *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 30. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised

- 8 -

or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Franklin*, 12th Dist. Butler No. CA2002-07-183, 2003-Ohio-1770, ¶ 11. However, "there is an exception to the res judicata bar when the petitioner presents competent, relevant, and material evidence outside the record that was not in existence and available to the petitioner in time to support the direct appeal." *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 18.

{¶ 31} Initially, as it relates to his ineffective assistance of counsel claim, Sheldon argues he received ineffective assistance when his trial counsel advised both him and his father that he should reject the state's plea offer because he had a "sure win" at trial. Sheldon also argues he received ineffective assistance of counsel since his trial counsel misinformed both him and his father that his "maximum exposure" if he was convicted at trial would be "15 to life, with parole likely after serving 15 years." However, just as the trial court found, all information concerning this issue was clearly in existence and readily available to Sheldon prior to trial and prior to him filing his direct appeal. Therefore, any claim alleging that he received ineffective assistance due to these alleged statements should have been raised as part of that appeal.

{¶ 32} Next, as it relates to his claim that the state failed to provide him with certain *Brady* material from the state's expert witnesses, Dr. Shapiro. Specifically, Sheldon claims the state had an "obligation to summarize an outcome-determinative opinion of Dr. Shapiro given at trial that a young virgin's hymen and/or vagina could be ruptured and/or penetrated by a rape and still produce a "normal" examination." However, as the trial court properly found, these records were provided to Sheldon approximately seven months before trial. In turn, just as the trial court stated, Sheldon had "ample access to the evidence presented by Dr. Shapiro both favorable and unfavorable to [him.]" Again, any claim as to this alleged *Brady* violation could also have been raised as part of Sheldon's direct appeal. The trial

court did not err by finding these issues were barred by the doctrine of res judicata. Accordingly, Sheldon's fifth assignment of error lacks merit and is overruled.

{¶ 33} Assignment of Error No. 6:

{¶ 34} THE TRIAL COURT ERRED IN DENYING APPELLANT'S PCRP MOTION FOR APPOINTMENT OF COUNSEL.

{¶ 35} In his sixth assignment of error, Sheldon argues the trial court erred by denying his motion for appointment of counsel. However, "[i]t is well-settled that an indigent defendant has neither a state nor federal constitutional right to be represented by an attorney in a postconviction proceeding." *State v. Carballo*, 12th Dist. Madison No. CA97-05-018, 1998 WL 40665, *3 (Feb. 2, 1998), citing *State v. Crowder*, 60 Ohio St.3d 151 (1991), paragraph one of the syllabus. In turn, "[t]he appointment of counsel is not required for the initial burden of preparing and presenting an indigent's petition for postconviction relief." *State v. Slusher*, 12th Dist. Clermont No. CA97-12-110, 1998 WL 130199, *1 (Mar. 23, 1998). Therefore, finding no error in the trial court's decision denying Sheldon's motion for the appointment of counsel, Sheldon's sixth assignment of error is without merit and overruled.

{¶ 36} Assignment of Error No. 7:

{¶ 37} THE TRIAL COURT ERRED IN REFUSING TO SUBSTANTIVELY RULE ON APPELLANT'S KEY PCRP POINTS MADE ON THE M.S. MEDICAL FILE ISSUES, AND IN REFUSING TO SUBSTANTIVELY RULE ON WHETHER TRIAL DEFENSE COUNSEL WAS INEFFECTIVE.

{¶ 38} In his seventh assignment of error, Sheldon argues the trial court erred by summarily dismissing his petition by finding it was untimely filed and barred by the doctrine of res judicata rather than issuing a decision on the merits. However, as noted above, we can find no error in the trial court's decision to summarily dismiss Sheldon's petition as it was

untimely and barred by the doctrine of res judicata. Therefore, Sheldon's seventh assignment of error lacks merit and is overruled.

## Conclusion

{¶ 39} Having found no merit to any of Sheldon's seven assignments of error raised herein, the trial court's decision denying Sheldon's petition for postconviction relief is affirmed.

{¶ 40} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.