THE STATE OF OHIO, APPELLEE, v.
WOBLER, APPELLANT.

(No. 11-82-10—Decided July 15, 1983.)

Mr. J. David Webb, prosecuting attorney, for appellee.

Mr. Stephen K. Snavely, for appellant.

COLE, J. This is an appeal from an order of the Court of Common Pleas of Paulding County which ordered:

"* * * that the defendant John Wobler be taken into immediate custody and transported forthwith by the Paulding County Sheriff to the Ohio State Reformatory at Mansfield, Ohio, and his custody transferred to the Superintendent of said institution.

"It is further ordered that the Superintendent of the Ohio State Reformatory may carry the sentence into execution as if the Journal Entry thereof had been received by said institution on [the] 12th day of August, 1981."

The facts in the record (no transcript of the proceedings has been provided) establish that on December 31, 1980, the defendant-appellant, John Wobler, was convicted of the offense of possessing a Schedule I controlled substance in violation of R.C. 2925.11 and sentenced to a term of imprisonment in the Ohio State Reformatory for a period not to exceed five years. He was then placed on probation under certain conditions.

On June 4, 1981, a motion to revoke probation was filed, and on August 7, 1981, after hearing, the probation was revoked; the court ordered that the original sentence of not less than two years nor more than five years become effective forthwith.

As noted, we have no record concerning the facts extraneous to the original papers. However, it is apparent that the defendant never commenced serving his sentence and no copy of the order was ever transmitted to the Ohio State Reformatory.

Apparently, the defendant did serve some portion of a sentence imposed by the Court of Common Pleas of Defiance

County and was subsequently placed on parole as to that sentence; but, the record here reveals that the defendant is not in the Ohio State Reformatory, is not on parole as to the Paulding County sentence, and has not served any time as to the Paulding County sentence.

This situation induced the prosecutor to file a motion directing that the defendant be incarcerated pursuant to the terms of his sentence, resulting in the order which is the subject of this appeal.

The defendant now appeals asserting "that the trial court did not have jurisdiction of the defendant or the subject matter."

Defendant argues that, after sentence, the trial court lost jurisdiction over the person of the defendant and the subject matter, and that the defendant, on being delivered into the hands of the county sheriff, commenced to serve his sentence. *State* v. *McGehan* (1875), 27 Ohio St. 280. There are exceptions, *e.g.*, shock probation, post-conviction relief, and revocation of probation or parole, but these do not here apply. It is contended that the trial court, therefore, had no jurisdiction to do what it did.

We do not agree. The trial court was not attempting to either sentence defendant or to modify, enlarge, diminish, or otherwise change his sentence. The trial court was not exercising jurisdiction over the subject matter or over the person of defendant, as to the original charge. The thrust of the order is not directed at the defendant, but at the sheriff, who is obligated by law to deliver the defendant to the penal institution. It directs the sheriff to carry out his duty in execution of the sentence.

In *Guerrieri* v. *Maxwell* (1962), 174 Ohio St. 40, at 45 [21 O.O.2d 291], the court quotes with approval from *State, ex rel. Smith*, v. *Dowd* (1955), 234 Ind. 152, 155, 124 N.E. 2d 208, as follows:

" 'In the opinion of the court, a delay in the execution of a judgment of commitment does not satisfy the judgment, nor does it give the criminal the right to be discharged from custody because of such delay. In the instant case, appellant's debt to society in Indiana has not yet been paid.' "

Here, the simple fact is that defendant, having been duly sentenced, has not served any of the sentence imposed. The trial court in ordering the county sheriff to execute the sentence originally imposed was not changing, modifying, or otherwise affecting that sentence. The order does nothing more than direct the sheriff to do that which the law of Ohio directs him to do. A court has inherent power to direct the officers of that court to perform their duties, and the county sheriff is charged by law with the execution of such sentences. R.C. 2949.12.

In *In re Silverman* (1942), 69 Ohio App. 128, at 132-133, [23 O.O. 547], the court stated:

"* * * The failure of the sheriff of Cuyahoga County to lodge the petitioner in the Ohio penitentiary within five days after the judgment of conviction is said to prevent his apprehension and detention at this time. Section 13455-1, General Code [now R.C. 2949.12], is cited. It undoubtedly does impose this duty upon the sheriff in the absence of a suspension of the sentence, but it does not provide that the sheriff's failure should exonerate the convict from the sentence imposed upon him, and it certainly would be a novel construction to hold that the wrong, if any, of the sheriff cancelled the wrong of the convicted person.

"The provisions in Section 13455-1, General Code, and similar statutes are directory. They are not limitations upon the power of the state to enforce the judgment of conviction. 32 Ohio Jurisprudence, 938, 939, Section 76; 37 Ohio Jurisprudence, 337, Section 42; *State, ex rel. Smith*, v. *Barnell,* 109 Ohio St., 246, 142 N.E., 611."

Thus, the assignment of error is not well-taken. The defendant is not excused from paying his debt to society because of

the sheriff's possible oversight. Such an oversight is in no manner the equivalent of a pardon. The sentence being outstanding, and its non-execution having been brought to the attention of the trial court, that court had not only the inherent power, but the duty, to direct the sheriff to the appropriate execution of the sentence.

To the extent the order involved is appealable by the appellant, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MILLER, P.J., and GUERNSEY, J., concur.