**Village of BREWSTER, Appellee,**

v.

**SEXTON, Appellant.**

[Cite as *Brewster v. Sexton* (1992), 73 Ohio App.3d 777.]

Court of Appeals of Ohio,
Stark County.

No. CA–8677.

Decided May 18, 1992.

*Gary L. Greig*, Brewster City Prosecutor, appellee.

*Rick A. Prysock*, Public Defender, for appellant.

---

MILLIGAN, Judge.

Defendant-appellant, Brian K. Sexton ("appellant"), was arrested on December 30, 1989 and charged with driving while intoxicated, driving under suspension, and reckless operation.

On April 10, 1990, appellant pled no contest to driving while intoxicated and while under suspension. The reckless operation charge was dismissed. The court sentenced appellant to thirty days in the Stark County Jail and ordered him to report to the jail on April 23, 1990, at 9:00 a.m.

Appellant reported to the jail on April 23, 1990 and, because of overcrowding, was ordered, by the sheriff, to report to the jail on September 30, 1990, for execution of the jail sentence.

Appellant reported to the Stark County Jail on March 18, 1991 and, again for reasons of overcrowding, was ordered to appear at the jail on December 3, 1992, at 9:00 a.m.

On March 20, 1991, the court amended its judgment because of overcrowded conditions at the jail and ordered appellant to serve fifteen days in jail and fifty-five days on electronically monitored house arrest.

On May 6, 1991, appellant moved to vacate or set aside the April 10, 1990 sentence.

The motion to vacate was overruled on July 2, 1991.

The defendant appeals, assigning a single assignment of error:

"The trial court erred when it denied appellant's motion to suspend his jail sentence when appellant duly reported to the Stark County Jail on two occasions to serve said jail sentence, in violation of the United States Constitution, Amendments V, VIII, XIV; the Constitution of Ohio 1851, Art. I, Sections 9, 16; Crim.R. 32(A)(1)."

This case and appeal focus on a pre-eminent issue in the fight against drunk driving.

Municipal courts, facing burgeoning case loads, are required to incarcerate offenders. Jails throughout the state are overcrowded. The federal courts have mandated the number of inmates that may be housed. The "no vacancy" sign is lit.

Appellant claims favor of the federal and state constitutional provisions as well as Crim.R. 32(A)(1).

### Cruel and Unusual Punishment

The Eighth Amendment to the United States Constitution provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

Section 9, Article I of the Ohio Constitution also prohibits cruel and unusual punishments.

The sentences imposed upon appellant were minimum sentences. The maximum sentence that could have been imposed, served consecutively, would have been eighteen months (one year for the DUI charge, R.C. 4511.99, and six months for the DUS charge, R.C. 4507.99[A]). R.C. 2929.21(B)(1).

If the appellant had been sentenced on April 10, 1990, to the maximum potential penalty of incarceration, and execution thereof immediately invoked, he would have been beyond the power and authority of the court after October 10, 1991.

Appellant is thus ordered to begin serving his jail sentence fourteen months after his sentence would have been completed had he been sentenced to the maximum and execution of sentence made forthwith.

■ Appellant cites no authority, and we find none, for the proposition that a significant delay in the execution of a timely sentencing judgment amounts to cruel and unusual punishment within the meaning of either the United States or the Ohio Constitutions.

The polestar pronouncement by the United States Supreme Court is *Gregg v. Georgia* (1976), 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859. There the court observed that a punishment is unconstitutional if: (1) it makes no measurable contribution to acceptable goals of punishment and is nothing more than a purposeless and needless imposition of pain and suffering, or (2) is grossly out of proportion to the severity of the crime.

In 1981, the Supreme Court recognized that considerations of cruel and unusual punishment must draw meaning from evolving standards of decency that mark progress of a maturing society. *Rhodes v. Chapman* (1981), 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59.

The "pain and suffering" where execution of sentence is delayed involves inconvenience, frustration, inability to plan, and uncertainty, all of which conscript a defendant's real freedom during the extended period between pronouncement and execution of sentence.

We are unable to say that the delay in this case, occasioned by legitimate and unchallenged jail overcrowding and bed limitations, either frustrates the goals of the legislation or is purposeless and needless. Nor are the delay and its consequences grossly out of proportion to the severity of the crime.

The delay does not shock the conscience or represent an intolerable affront to fundamental fairness. Compare *Moss v. Ward* (W.D.N.Y.1978), 450 F.Supp. 591.

In the case *sub judice*, there are no such aggravating factors to the status of the appellant as require a conclusion that his constitutional rights in this regard have been violated.

Our conclusion is further buttressed by the reality that the outside limit for probation (notwithstanding the maximum jail term) is five years. R.C. 2951.-07. Thus, the legislature has granted to the court the power and authority to interfere in the freedom of a party for a significantly longer time than the potential jail time for the offense. Execution of a minimum sentence which is delayed places on a defendant a slightly greater potential burden than extended probation.

### Criminal Rules

■ Crim.R. 32 imposes no specific time limitations upon execution of sentence but does provide that "[s]entence shall be imposed without unnecessary delay." Crim.R. 32(A)(1).

The trial court's finding that the execution of sentence was *necessarily* delayed is supported by the record.

We conclude, upon the posture of this case, that the delay in the execution of sentence is consistent with provisions of law, and the trial court did not err in overruling the motion to vacate the jail sentence.

The single assignment of error is overruled, and the judgment of the Massillon Municipal Court is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and WILLIAM B. HOFFMAN, J., concur.