**The STATE of Ohio, Appellee,**

**v.**

**PATTON, Appellant.**

[Cite as *State v. Patton* (1996), 117 Ohio App.3d 86.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15820.

Decided Dec. 27, 1996.

*Joe Cloud,* Montgomery County Assistant Prosecuting Attorney, for appellee.

*J. Allen Wilmes,* for appellant.

GRADY, Judge.

In this appeal, we are asked to determine whether a delay of more than three years between imposition of sentence and its execution violates a defendant's constitutional rights of liberty and to a speedy trial. On the record before us, we hold that it does not.

Defendant-appellant Wayne S. Patton was charged in 1992 with operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19. Patton filed a motion to suppress evidence. The motion was denied.

On February 11, 1993, Patton changed his plea to no contest. The trial court accepted the plea and found Patton guilty of the offense charged. Patton's attorney requested a stay of execution of the sentence the court would impose. The court then sentenced Patton to serve a term of six months' incarceration and to pay a fine of $300. The court added: "The counsel for the Defendant having indicated that they intend to appeal the court's decision to the Second District Court of Appeals, I see no reason why the, the sentence in its entirety should not be stayed during the pendency of the appeal."

Patton filed a timely notice of appeal to this court. On October 7, 1993, this court affirmed the judgment of the trial court.

Patton filed a timely notice of appeal to the Supreme Court of Ohio. On May 25, 1994, the Supreme Court overruled Patton's jurisdictional motion.

On February 26, 1996, Patton filed a motion in the trial court seeking an order discharging him from the incarceration that the trial court had ordered. The trial court denied the motion. Patton filed a timely notice of appeal, and he now presents two assignments of error.

## "FIRST ASSIGNMENT OF ERROR

"The trial court committed prejudicial error in overruling appellant's motion to dismiss of March 19, 1996, because appellant's right to a speedy trial had been violated by the trial court's unreasonable delay in scheduling the imposition of his sentence.

## "SECOND ASSIGNMENT OF ERROR

"The trial court committed prejudicial error in overruling appellant's motion to dismiss of March 19, 1996, because appellant was denied his liberty without due process of law."

When it denied the defendant-appellant's motion, the trial court found that it had no notice of the Supreme Court's order of May 25, 1994, until a copy was received by its clerk on February 6, 1996. On February 26, 1996, defendant-appellant moved to avoid execution of his sentence, which, except for a period of ten days' incarceration after his arrest, he had not yet served. In denying the motion on March 21, 1994, the trial court ordered the defendant-appellant to surrender to the Sheriff of Montgomery County within ten days.

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions the accused shall enjoy a right to a speedy trial. The right is made applicable to state proceedings by the Fourteenth Amendment. *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. The right is also established in Section 10, Article I of the Ohio Constitution.

In *State ex rel. Jones v. Court of Common Pleas of Cuyahoga Cty.* (1978), 55 Ohio St.2d 130, 131, 9 O.O.3d 108, 109, 378 N.E.2d 471, 472, the Supreme Court stated:

"While the Sixth Amendment to the Constitution of the United States guarantees a speedy trial, no such requirement attaches to proceedings subsequent to trial, primarily because the presumption of innocence at the trial level does not exist at the appellate or post-appellate levels. Speedy trial was originally guaranteed (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety of the accused (not the convicted); and (3) to limit the possibility that the defense will be impaired."

That decision is not a precedent controlling here because it involved a petition for a writ of mandamus or procedendo requiring the respondent to proceed to judgment on a petition for postconviction relief. However, the considerations identified by the Supreme Court are highly relevant to the issues presented for our determination.

When defendant-appellant filed his motion for discharge and dismissal, he had been convicted of the offense with which he was charged and sentenced in accordance with law. His trial proceedings, that is, those in which his innocence or guilt as well as the penalty to be imposed were in issue, had concluded. The delay that occurred thereafter had no impact on pretrial incarceration, the defendant's anxiety that he might be convicted, or his opportunity to prepare and present a defense. Therefore, the delay does not affect his speedy trial rights, much less demonstrate a violation of them.

With respect to the liberty/due process arguments in the second assignment of error, we find no basis in the record for those contentions. An inordinate delay between imposition of a sentence and its execution may demonstrate a failure of due process, but each case must be considered in the light of its particular circumstances. *State v. Moore* (Mar. 29, 1984), Cuyahoga App. No. 47284, unreported, 1984 WL 5025.

Here, though we do not know why almost two years passed before the trial court had notice of the Supreme Court's order denying Patton's jurisdictional motion, the trial court acted promptly once it was aware of that order. Furthermore, Patton does not claim that *he* was unaware of it. It would be a mockery of justice to allow a defendant who has sought and obtained a stay of execution of his sentence in order to appeal to avoid incarceration because he failed to surrender himself to authorities after his conviction and sentence were affirmed.

The assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WOLFF, J., concur.