OPINION
{¶ 1} Defendant-appellant, Joy Lovell, appeals from two separate decisions of the Butler County Court of Common Pleas, one denying her motion to vacate her sentence, and the second dismissing her petition for postconviction relief. These cases have been consolidated on appeal. For the reasons outlined below, we affirm the decisions of the trial court.
 {¶ 2} Following a jury trial in July 2003, appellant was convicted of one count of *Page 2 
aggravated drug trafficking, a third-degree felony in violation of R.C, 2925.03(A)(1), and one count of permitting drug abuse, a fifth-degree felony in violation of R.C. 2925.13(A). She was subsequently sentenced, on September 9, 2003, to a mandatory prison term of one year on the charge of aggravated trafficking, to run concurrently with a six-month prison term on the charge of permitting drug abuse.
 {¶ 3} Appellant appealed her convictions and requested a stay of execution of her sentence pending her appeal. On September 15, 2003, the trial court granted appellant's motion for a stay of execution. In her appeal, appellant argued that she had received ineffective assistance of counsel. Appellant asserted that her trial attorney had failed to inform her that her third-degree felony charge carried a mandatory one-year prison term and that, had she known that, she would have accepted the state's original plea offer to lower the charge to a fourth-degree felony and make community control possible.
 {¶ 4} On September 18, 2003, appellant also filed, pursuant to Crim.R. 33(a)(1), a motion for a new trial in which she made the same argument asserting the ineffective assistance of her trial counsel. After a hearing, the trial court overruled appellant's motion for a new trial by an entry dated October 29, 2003. Appellant also appealed that decision to this court and the two appeals were consolidated. In that appeal, appellant argued, in a single assignment of error, that she had received the ineffective assistance of counsel based on her attorney's alleged failure to inform her that the state's plea offer would allow her to avoid a mandatory prison term.
 {¶ 5} While her appeals were pending, on June 8, 2004, appellant filed a petition for postconviction relief. In that petition, appellant raised the same argument regarding ineffective assistance of counsel as had been argued in her motion for a new trial. The state immediately responded with a motion to dismiss the petition based on the doctrine of res judicata. By agreement of the parties, the trial court entered the following order on June 14, *Page 3 
2004:
 {¶ 6} "[T]he parties agree that the pending direct appeal in the Twelfth District Court of Appeals may moot the petition. Therefore, [appellant] shall file a memorandum contra to the State's Motion to Dismiss within 14 days of the Twelfth District Court of Appeals' disposition of the direct appeal."
 {¶ 7} By an accelerated judgment entry filed on August 23, 2004, this court affirmed appellant's convictions. In our recitation of facts, we found that appellant's attorney had communicated the plea offer to her and that she had rejected the plea offer. We therefore found that appellant had not suffered ineffective assistance of counsel and overruled her assignment of error.
 {¶ 8} However, contrary to the trial court's instructions, appellant did not respond to the state's pending motion to dismiss her petition. Instead, appellant remained free on bond while she pursued a discretionary appeal to the Ohio Supreme Court. The supreme court denied appellant leave to appeal on December 29, 2004. Again, appellant did not respond to the state's pending motion to dismiss her petition.
 {¶ 9} In fact, it was not until April 2006, when the order for forfeiture of appellant's vehicle was granted, that it came to the court and the state's attention that appellant had not yet served her one-year prison term. The court issued a summons for appellant to appear for execution of her sentence. Appellant was originally scheduled to appear on May 9, 2006, but received continuances until June 13, 2006.
 {¶ 10} In that time, on May 18, 2006, appellant filed a motion requesting that the trial court "vacate its previously issued sentence" on the grounds that the 16-month delay in execution had violated due process and speedy trial protections. With this motion, appellant submitted an affidavit asserting that she had suffered a great deal of anxiety and inconvenience as a result of waiting for the court to execute her sentence. *Page 4 
 {¶ 11} On May 23, 2006, the trial court granted the state's still-pending motion to dismiss appellant's petition for postconviction relief, recognizing that the arguments therein were barred by the doctrine of res judicata because they were identical to the claims made and decided during appellant's direct appeal. On June 13, 2006, appellant appeared for execution of her sentence, at which time the trial court heard arguments on her motion to vacate and subsequently denied the motion.
 {¶ 12} The trial court then granted another stay of execution pending appellant's appeal to this court. Appellant filed the instant appeals from both the court's denial of her motion to vacate her sentence, as well as the court's decision to dismiss her petition for postconviction relief.
 {¶ 13} Assignment of error No. 1
 {¶ 14} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO VACATE HER SENTENCE."
 {¶ 15} In her first assignment of error, appellant asserts that the trial court improperly denied her motion to vacate because the execution of her sentence was unnecessarily and unreasonably delayed, in violation of Crim.R. 32(A), as well as due process and speedy trial protections.[1] We disagree.
 {¶ 16} The Sixth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution provide that in all criminal prosecutions, the accused shall enjoy a right to a speedy trial. State v. Patton (1996), 117 Ohio App.3d 86; Barker v. Wingo
(1972), 407 U.S. 514, 92 S.Ct. 2182. However, while these provisions guarantee a speedy trial, "no such requirement attaches to proceedings subsequent to trial." Id. at 88, citing State ex rel. Jones v. Court ofCommon Pleas of Cuyahoga Cty. (1978), 55 OhioSt.2d 130, 131 *Page 5 
(noting that speedy trial rights were created "(1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety of the accused (not the convicted); and (3) to limit the possibility that the defense will be impaired"). Ohio courts have consistently held that speedy trial protections are not implicated by a delay between the imposition and execution of a convicted defendant's sentence. See, e.g., State v.Dawley (Sept. 25, 1986), Cuyahoga App. No. 50974 (finding four-year delay of execution of three-year sentence did not violate speedy trial protections).
 {¶ 17} The Ohio Supreme Court has held that, once a sentence is imposed, "excessive delays in sentence execution have an adverse impact on the proper administration of justice by diminishing the deterrent effect intended by criminal penalties." State v. Zucal,82 Ohio St.2d 215, 220, 1998-Ohio-377 (vacating the 10-day misdemeanor sentence of a defendant based on a six-year delay in execution). However, in determining whether a delay in execution has resulted in a violation of due process, a court must look at the facts surrounding each case.Patton, 117 Ohio App.3d at 89. "While an inordinate delay between imposition of a sentence and its execution may demonstrate a failure of due process, * * * each case must be considered in the light of its particular circumstances." Id., citing State v. Moore (Mar. 29, 1984), Cuyahoga App. No. 47284 (finding 34-month delay in execution of sentence was not unreasonable).
 {¶ 18} The facts of Patton, and the cases relied upon therein, are strikingly similar to the case at bar. Patton was granted a stay of execution of his six-month prison term during the pendency of his direct appeal. When his appeals were exhausted more than a year later, Patton failed to notify the trial court. It was not until nearly two years later that the trial court, learning the resolution of appellant's appeals, sought to proceed with execution of Patton's sentence. Patton filed a motion to vacate his sentence, based on speedy trial and due process violations. *Page 6 
 {¶ 19} In upholding the trial court's denial of Patton's motion, the Second District noted that the trial court had acted promptly to execute the defendant's sentence once it was aware of the fact that all appeals had been exhausted. The court explained, "[i]t would be a mockery of justice to allow a defendant who has sought and obtained a stay of execution of his sentence in order to appeal to avoid incarceration because he failed to surrender himself to authorities after his conviction and sentence were affirmed." Id., see, also, State v.Dawley (Sept. 25, 1986), Cuyahoga App. No. 50974 (finding 45 month delay in execution of three year prison term was not violation of speedy trial or cruel and unusual punishment).
 {¶ 20} In the case before us, appellant's sentence was imposed without delay, and then stayed, at her request, pending her appeals. The trial court's entry granting that stay provided that appellant's sentence was stayed "pending the results of the appeal filed by the defendant on September 12, 2003." Additionally, the court's entry on June 14, 2004, regarding appellant's petition for postconviction relief, ordered appellant to respond to the state's motion within 14 days of this court's resolution of her pending appeals. Appellant, however, neither responded to the state's motion nor reported for her sentence following the exhaustion of her appeals. Appellant argues that she was prejudiced by the state's failure to promptly seek her out for execution of her sentence. However, it was appellant's obligation, pursuant to the court's entry granting the stay of execution and the court's entry on June 14, 2004, to appear for execution of her previously imposed sentence.
 {¶ 21} Based on our review, the 16-month delay in execution of appellant's sentence did not result in speedy trial or due process violations. Accordingly, appellant's first assignment of error is overruled.
 {¶ 22} Assignment of Error No. 2:
 {¶ 23} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN DISMISSING HER POST-CONVICTION PETITION." *Page 7 
 {¶ 24} In her second and final assignment of error, appellant appeals from the court's decision to dismiss her petition for postconviction relief and argues that the trial court improperly found that her claims were barred by the doctrine of res judicata. Again, we disagree.
 {¶ 25} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."State v. Hicks, Butler App. No.CA2004-07-170, 2005-Ohio-1237, ¶ 10, quoting State v. Szefcyk, 77 Ohio St.3d 93, 96, 1996-Ohio-337; State v.Perry (1967), 10 Ohio St.2d 175. The presentation of competent, relevant, and material evidence, demonstrating that the petitioner could not have appealed the constitutional claim based upon information in the trial record, may preclude the application of res judicata. In reJ.B., Bulter App. Nos. CA2005-06-176, CA2005-07-193, CA2005-08-377,2006-Ohio-2715, ¶ 15-16, citing state v. Lawson (1995),103 Ohio App.3d 207, 315.
 {¶ 26} In Hicks, we found that the defendant's claim of ineffective assistance of counsel, including a claim regarding the attorney's alleged failure to communicate a plea offer, had been raised and rejected on direct appeal. Accordingly, such claims were barred by the doctrine of res judicata from being considered in the defendant's subsequent petition for post-conviction relief. Id. at ¶ 11. Further, the defendant's introduction of evidence which was merely cumulative was insufficient to avoid res judicata. Id. at ¶ 12.
 {¶ 27} In the case at bar, appellant argues that because this court failed to articulate a rationale for affirming her convictions on appeal, her claims are not barred by res judicata. *Page 8 
However, it is apparent from the facts recited in this court's accelerated calendar judgment entry that we found that appellant's attorney communicated the details of the plea offer to appellant and that she rejected that offer. State v. Lovell (Aug. 23, 2004), Butler App. Nos. CA2003-09-238, CA2003-11-285, leave to appeal denied,104 Ohio St.3d 1441, 2004-Ohio-7033. On that basis, after thorough review and under established law relating to claims of ineffective assistance of counsel, we found no merit to appellant's claims and overruled her assignment of error.
 {¶ 28} Further, it is clear that the issue raised by appellant in her petition for postconviction relief is identical to that raised on direct appeal. In her consolidated appeal, appellant argued, under a single assignment of error, that she had received ineffective assistance of counsel by virtue of her attorney's failure to inform her that her charge carried a mandatory prison term, while the state's plea offer was for a lesser offense, making community control a possibility. In her petition for postconviction relief, appellant attached "Exhibit A," an affidavit asserting that, had she been aware of the mandatory term, she would have accepted the plea offer, and "Exhibit B," a copy of the brief she filed on direct appeal to this court. While appellant argues that her claim of ineffective assistance of counsel, made under her Crim.R. 33 motion for a new trial is considered different from the same claim made in her petition for postconviction relief, it is clear that the issue was raised and rejected by this court in appellant's consolidated appeal. Therefore, the issue is barred by res judicata and the trial court properly denied appellant's petition for postconviction relief on that basis. Appellant's second assignment of error is overruled.
 {¶ 29} Judgment affirmed.
BRESSLER, P.J., and POWELL, J., concur.
[1] Crim.R. 32(A) provides that sentence shall be imposed without unnecessary delay. *Page 1