OPINION
{¶ 1} Appellant, Albert J. Ehlert, appeals his sentence imposed by the Portage County Municipal Court, Kent Division. Ehlert alleges the trial court committed error by exceeding its authority in imposing a sentence that was contrary to law. We agree.
 {¶ 2} Diane Loska, on February 23, 2007, filed a complaint in the Portage County Municipal Court, Kent Division, alleging Ehlert engaged in disorderly conduct in violation of R.C. 2917.11(A)(1). Ehlert entered a plea of not guilty. The matter proceeded to a bench trial, and the trial court found Ehlert guilty of R.C. 2917.11(A)(1), *Page 2 
a minor misdemeanor. The trial court sentenced Ehlert to a fine of $150, plus court costs. The trial court suspended $50 of the fine on the following conditions: (1) no violation of any law or ordinance, except minor traffic offenses for one year; (2) completion of 30 hours of community service through the Kent Municipal Court in 90 days; (3) registration and completion of a 24-week Safer Solutions counseling program at Family Community Services; and (4) no contact by any means with any state witness and no entry onto their property.
 {¶ 3} This court stayed the one-year probation period and the Safer Solutions counseling. Further, Ehlert was ordered to post a supersedeas bond in the amount of $100.
 {¶ 4} Ehlert's sole assignment of error states:
 {¶ 5} "The trial court committed error by exceeding its authority in imposing a sentence that was contrary to law."
 {¶ 6} An appellate court will review a misdemeanor sentence for an abuse of discretion. Youngstown v. Glass, 7th Dist. No. 04 MA 155,2005-Ohio-2785, at ¶ 4, citing R.C. 2929.22. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. (Citations omitted.)
 {¶ 7} When sentencing an offender for a misdemeanor or minor misdemeanor, the "overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). Pursuant to R.C. 2929.22:
 {¶ 8} "(A) Unless a mandatory jail term is required * * * a court that imposes a sentence * * * upon an offender for a misdemeanor or minor misdemeanor has discretion *Page 3 
to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.
 {¶ 9} "Unless a specific sanction is required to be imposed or isprecluded from being imposed by the section setting forth an offense orthe penalty for an offense or by any provision of sections 2929.23 to2929.28 of the Revised Code, a court that imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code." (Emphasis added.)
 {¶ 10} Penalties for a violation of a minor misdemeanor are governed by statute. Pursuant to R.C. 2929.28(A)(2), a trial court may impose a fine of not more than $150. Furthermore, the revised code is clear that, when imposing a sentence for a minor misdemeanor, the trial court "may impose a term of community service in lieu of all or part of a fine.The term of community service imposed for a minor misdemeanor shall notexceed thirty hours." R.C. 2929.27(C). (Emphasis added.)
 {¶ 11} In the instant case, the trial court suspended $50 of Elhert's fine on the following conditions: (1) no violation of any law or ordinance, except minor traffic offenses for one year; (2) completion of 30 hours of community service through the Kent Municipal Court in 90 days; (3) registration and completion of a 24-week Safer Solutions counseling program at Family Community Services; and (4) no contact by any means with any state witness and no entry onto their property.
 {¶ 12} Ehlert contends the trial court abused its discretion when it imposed the 24-week Safer Solutions Course counseling program at Family Community Services pursuant to a sentence for a conviction of disorderly conduct, a minor misdemeanor. Counseling is a nonresidential sanction. R.C. 2929.27. As stated in R.C. 2929.27(A), *Page 4 
"[e]xcept when a mandatory jail term is required by law, the court imposing a sentence for a misdemeanor, other than a minormisdemeanor, may impose upon the offender any nonresidential sanction or combination of nonresidential sanctions authorized under this division." (Emphasis added.)
 {¶ 13} "A court has no power to substitute a different sentence for that provided for by statute." Colegrove v. Burns (1964),175 Ohio St. 437, 438. "The court may only pronounce the judgment provided by law."State v. Bilder (1987), 39 Ohio App.3d 135. (Citations omitted.) Therefore, the trial court could not impose the counseling requirement for Ehlert's conviction of a minor misdemeanor since it is outside the statutory limits.
 {¶ 14} Further, although Ehlert does not challenge the other conditions the trial court imposed on him, App.R. 12(A)(2) allows an appellate court to consider issues not briefed by the parties. State v.Peagler (1996), 76 Ohio St.3d 496, 499. "Generally, when a court of appeals chooses to consider an issue not briefed by the parties, the court should notify the parties and give them an opportunity to brief the issue." State v. Blackburn, 11th Dist. No. 2001-T-0052, 2003-Ohio-605, at ¶ 45, citing State v. Peagler, 76 Ohio St.3d at 499, fn. 2. In this matter, this court does not believe additional briefing by the parties is necessary. First, we note that the trial court, in a minor misdemeanor case, does not have the statutory authority to impose a condition on Elhert prohibiting him from committing a violation of any law or ordinance, except minor traffic offenses for one year. Further, the trial court lacked the authority to prohibit Elhert from having contact by any means with any state witness and entering onto their property. The trial court was without authority to impose the above conditions on Elhert. Therefore, these *Page 5 
provisions of Elhert's sentence for a conviction of a minor misdemeanor shall be vacated.
 {¶ 15} In addition, the trial court suspended only $50 (1/3 of the maximum) of Elhert's fine but required him to complete 30 hours of community service (the maximum allowed by statute) within 90 days. The trial court issued its sentencing entry on April 4, 2007. R.C.2929.27(C) states, "[t]he court imposing a sentence for a minor misdemeanor may impose a term of community service in lieu of all orpart of a fine. The term of community service imposed for a minor misdemeanor shall not exceed thirty hours." (Emphasis added). Elhert did not request this court to stay the community service requirement of the sentence nor did he raise the issue of excessive fine or community service on appeal. Therefore, we will not consider whether the trial court exceeded its authority in imposing the maximum community service in lieu of suspension of only part of the fine.
 {¶ 16} Elhert's sole assignment of error is well-taken. The sentence of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
 {¶ 17} The stay of this court is hereby dissolved.
 DIANE V. GRENDELL, P.J., COLLEEN MARY OTOOLE, J., concur. *Page 1