**The STATE of Ohio, Appellee,**

**v.**

**JAMES, Appellant.**

[Cite as *State v. James,* 179 Ohio App.3d 633, 2008-Ohio-6139.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91605.

Decided Nov. 26, 2008.

634

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski, Assistant Prosecuting Attorney, for appellee.

Henry F. DeBaggis, for appellant.

DYKE, Judge.

{¶ 1} Defendant Dwayne James appeals from the sentence imposed upon his convictions for drug trafficking, drug possession, and possession of criminal tools. Defendant asserts that because there was a 44–month delay from this court's termination of bail pending appeal and the trial court's execution of the sentence, he was deprived of his right to a speedy trial. For the reasons set forth below, we modify defendant's sentence to eliminate the prison term, and as modified, we affirm.

{¶ 2} On June 13, 2003, defendant was indicted pursuant to a four-count indictment, which charged him with two counts of drug trafficking, one count of drug possession, and one count of possession of criminal tools. Following a jury trial, defendant was convicted of one count of drug trafficking, one count of drug possession, and one count of possession of criminal tools. On August 13, 2003, the trial court sentenced him to 11 months of imprisonment at Lorain Correctional Institution, a fine,[1] and three years of community-control sanctions. Defendant

---

1. The court subsequently recognized that defendant was indigent.

appealed to this court, and after he had served approximately six weeks, he was granted an appeal bond.

{¶ 3} Thereafter, on August 5, 2004, this court affirmed defendant's convictions and ordered as follows:

{¶ 4} "It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence."

{¶ 5} See *State v. [James]*, Cuyahoga App. No. 83428, 2004-Ohio-4073, 2004 WL 1752874. For reasons that are unclear in the record, the trial court did not immediately carry the judgment into execution. Thereafter, in April 2008, the trial court issued a capias for defendant.

{¶ 6} The trial court subsequently held a hearing on May 20, 2008. At this time, defendant's counsel filed a motion to dismiss and informed the trial court that in the delay between our remand and the hearing, defendant was sentenced in two other matters. In March 2005, defendant was sentenced to a six-month term at Lorain Correctional Institution in case No. CR–457549. That sentence was specifically ordered to be served concurrently with the 11–month sentence issued in this matter on August 13, 2003. The record indicates that defendant did in fact serve this sentence. In April 2005, defendant was sentenced by the United States District Court to an eight-month term of imprisonment in case No. 1:95 CR 269. That sentence was also ordered to run concurrently with the 11–month term issued on this matter and with case No. CR–457549. The district court also recommended that the term be served in a state penal institution. According to defendant's counsel, defendant served two months of this term and was then released. Defense counsel therefore argued that the 11–month term ordered in this matter should be considered to have been served by virtue of the time served in the other matters and the specific orders for concurrent sentences.

{¶ 7} The trial court rejected this argument and noted that the 11–month term was not ordered into execution at the time the other sentences were served. The court offered no explanation for the delay in ordering the sentence into execution, however. The court then reimposed the original sentence, and defendant was remanded into custody.

{¶ 8} Defendant now appeals and assigns the following error for our review:

{¶ 9} "The forty-four month delay by the trial court in resentencing Appellant violated Crim.R. 32(A) and Appellant's Sixth Amendment speedy trial rights."

{¶ 10} The Sixth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution provide that in all criminal prosecutions, the accused shall enjoy a right to a speedy trial. This guarantee does not extend to proceedings subsequent to trial, however. See *State v. Lovell,* Butler App. No. CA2006–07–158, 2007-Ohio-4352, 2007 WL 2410338, citing *State v. Patton* (1996), 117 Ohio App.3d 86, 88, 689 N.E.2d 1030. Further, this court has determined that failure by the court or the sheriff to accomplish his duties does not limit the state's power to enforce the conviction. *State v. Dawley* (Sept. 25, 1986), Cuyahoga App. No. 50974, 1986 WL 10841, citing *Guerrieri v. Maxwell* (1962), 174 Ohio St. 40, 21 O.O.2d 291, 186 N.E.2d 614; *Norton v. Green* (1962), 173 Ohio St. 531, 20 O.O.2d 148, 184 N.E.2d 401, and *State v. Wobler* (1983), 10 Ohio App.3d 155, 10 OBR 207, 461 N.E.2d 927.

{¶ 11} The Ohio Supreme Court has held, however, that once a sentence is imposed, "excessive delays in sentence execution have an adverse impact on the proper administration of justice by diminishing the deterrent effect intended by criminal penalties." *State v. Zucal* (1998), 82 Ohio St.3d 215, 694 N.E.2d 1341 (vacating the ten–day misdemeanor sentence of a defendant based on a six-year delay in execution).

{¶ 12} Similarly, in *State v. Lovell,* 2007-Ohio-4352, 2007 WL 2410338, the court held that a delay in execution of sentence may result in a violation of due process. This determination is made on a case-by-case basis. Id. Accord *State v. Patton,* 117 Ohio App.3d 86, 689 N.E.2d 1030; *State v. Moore* (Mar. 29, 1984), Cuyahoga App. No. 47284, 1984 WL 5025. Moore expressly recognized that despite the general rule that a delay in execution does not render the sentence unenforceable, some delays are so unreasonable under the particular facts that "society would derive no benefit from enforcing [them]."

{¶ 13} Applying the foregoing, we are compelled to conclude that despite the general rule that a delay in execution does not render the sentence unenforceable, under the particular circumstances of this matter, society would derive no benefit from enforcing the prison portion of the sentence at issue. Here, there was almost a four-year delay in the execution of the sentence, defendant was remanded into custody in both case Nos. CR–457549 and 1:95 CR 269, and these two matters were both specifically ordered to run concurrently with the instant matter. In addition, defendant served a portion of the 11–month term prior to obtaining an appeal bond. We can therefore discern no benefit from enforcement of the imprisonment portion of the sentence at this time. We do recognize an implicit benefit, however, from the postrelease-control portion of the sentence, in light of the numerous convictions over the past several years. That portion of the sentence therefore remains in effect.

{¶ 14} Defendant's sentence is modified to eliminate the 11-month prison term and, as modified, the sentence is affirmed.

Judgment accordingly.

SWEENEY, A.J., and STEWART, J., concur.