[Cite as *State v. Freshwater*, 2012-Ohio-3468.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98097

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSHUA FRESHWATER

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-507109

**BEFORE:** Cooney, J., Blackmon, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 2, 2012

**ATTORNEY FOR APPELLANT**

Jesse M. Schmidt
Jesse M. Schmidt Co., L.P.A.
614 W. Superior Avenue
Suite 1402
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Mary H. McGrath
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Joshua Freshwater ("Freshwater"), appeals the denial of his motion to dismiss the execution of his prison sentence for lack of jurisdiction. We find no merit to the appeal and affirm.

{¶2} In February 2008, Freshwater was charged with one count of drug trafficking, two counts of possession of drugs, and one count of possession of criminal tools. At the time of the indictment, he was in federal custody awaiting trial on a federal case. In May, he was transferred to the Cuyahoga Common Pleas Court and pled guilty to one count of drug trafficking with forfeiture and schoolyard specifications, a second degree felony. The court sentenced him to a three-year prison term and three years' postrelease control.

{¶3} Following sentencing, Freshwater was returned to federal custody. One month later, the federal court sentenced him to an 18-month prison term to be served consecutive to his state sentence. He served the sentence and was released from federal prison in June 2009, but had not yet served his state prison term.

{¶4} In June 2011, the State filed a motion to enforce Freshwater's sentence. After a hearing, the trial court ordered Freshwater's sentence into execution beginning July 21, 2011, allowing credit for time served (475 days as of July 2011). Freshwater

filed a notice of appeal on August 30, 2011, which this court dismissed as untimely. *State v. Freshwater*, 8th Dist. No. 97225 (Sept. 9, 2011).

**{¶5}** In January 2012, Freshwater filed a motion to dismiss execution of his sentence, claiming the trial court lost jurisdiction to order execution of the sentence due to the delay between his release from federal custody and the trial court's ordering his sentence into execution. The court denied his motion to dismiss, and this appeal followed.

**{¶6}** In his sole assignment of error, Freshwater argues the trial court lost jurisdiction to order execution of judgment after a three-year delay between the pronouncement of sentence and its execution. He also argues that because the three-year delay was unreasonable, the enforcement of his state sentence is unconstitutional.

**{¶7}** Crim.R. 32(A) states that a sentence "shall be imposed without unnecessary delay." In general, a reasonable delay in the execution of a sentence does not render the sentence unenforceable. *State v. James*, 179 Ohio App.3d 633, 2008-Ohio-6139, 903 N.E.2d 340, ¶ 12 (8th Dist.); *Neal v. Maxwell*, 175 Ohio St. 201, 202, 192 N.E.2d 782 (1963). However, it is possible for a delay in the execution of a sentence to become so unreasonable that it raises constitutional issues. *Id.*; *State v. Zucal*, 82 Ohio St.3d 215, 219, 1998-Ohio-377, 694 N.E.2d 1341. Whether a delay in execution violates due process is determined on a case-by-case basis. *State v. Lovell*, 12th Dist. Nos. CA2006-06-138 and CA2006-07-158, 2007-Ohio-4352, ¶ 17.

{¶8} In determining whether the delay between the pronouncement of sentence and the execution of sentence is unreasonable, courts consider factors including, but not limited to: (1) whether society will derive a benefit from enforcing the sentence, *James* at ¶ 13; (2) whether the defendant contributed to the delay through his own wrongful actions, *United States v. Fisher*, 895 F.2d 208, 211 (5th Cir.1990); *United States v. Hill*, 719 F.2d 1402, 1405 (9th Cir.1983); and (3) the length of the sentence relative to the length of the delay. *State v. Moore*, 8th Dist. No. 47284, 1984 WL 5025, citing *Shotkin v. Buchanan*, 149 So.2d 574 (Fla. App.1963) (holding that five-year delay in imposing two sentences of 60 days and ten days was unreasonable).

{¶9} In the case at bar, there was a 35-month delay between the pronouncement of sentence and its execution. The delay was caused, in part, by Freshwater's first serving an 18-month sentence in federal prison during that time. Although there remained a two-year delay between Freshwater's release from federal prison and execution of his state sentence, the delay is still not unreasonable. The period of delay does not exceed the length of the prison term, and society will still derive a benefit from his serving his three-year sentence, which will punish him for committing a drug offense near a school, and hopefully deter future criminal behavior.

{¶10} A motion to dismiss or prevent execution of sentence is akin to other motions to dismiss criminal charges, which we review for an abuse of discretion. *State v. Carver*, 8th Dist. No. 91443, 2009-Ohio-1272; *State v. White*, 8th Dist. No. 90544, 2008-Ohio-4228, ¶ 19. Because the delay in executing Freshwater's sentence was

caused, in part, by his serving a federal prison sentence and because society would still benefit from his serving his state prison sentence on a serious felony, we find no abuse of discretion.

{¶11} Accordingly, the sole assignment of error is overruled.

{¶12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
KENNETH A. ROCCO, J., CONCUR