[Cite as *State v. Jones*, 2014-Ohio-5705.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2014-A-0017** |
| EDDIE D. JONES, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Ashtabula County Court, Eastern District, Case No. 2012 TRC 2026 E.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellant).

*Eddie D. Jones,* Pro se, 6060 North Ridge West, Ashtabula, OH 44004 (Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, the State of Ohio, appeals from the judgment of the Ashtabula County Court, Eastern District, granting defendant-appellee, Eddie D. Jones', Motion for Sentence Modification. The issue to be decided in this case is whether a trial court errs in ordering a defendant to serve house arrest in lieu of a five day jail sentence when he reported to jail at least three times and was turned away due to overcrowding. For the following reasons, we affirm the decision of the lower court.

{¶2} On August 7, 2012, a Complaint was filed against Jones, charging him with Operating a Vehicle While Under the Influence (OVI), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a). In a separate Complaint, filed November 5, 2012, he was charged with OVI, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(i). Both arose from an incident occurring on August 4, 2012.

{¶3} On December 3, 2012, Jones entered a plea of guilty to one count of OVI, in violation of R.C. 4511.19(A)(1)(a), and the remaining charge was dismissed. The parties agreed at the change of plea hearing that this was his second OVI offense in six years. He was sentenced to a term of 180 days in jail, with 160 days suspended, and one year of probation. He was also ordered to pay a $600 fine and his driver's license was suspended for one year.

{¶4} On December 19, 2012, Jones filed a Motion for House Arrest in Lieu of Incarceration. In a January 2, 2013 Judgment Entry, the court modified its sentence and ordered Jones to serve 45 days house arrest and five days in jail in lieu of his 20 day sentence.[1]

{¶5} On February 10, 2014, a letter was filed by Jones, stating that he had been turned away when reporting to jail to serve his sentence and asking to have his jail time converted to house arrest. Shortly thereafter, a Motion for Sentence Modification was filed by Jones' probation officer on his behalf, which noted that Jones had reported on three dates in 2013 and had not yet served his jail sentence, and requested the above modification.

{¶6} A hearing was held on the Motion on March 25, 2014. At the hearing, Jones explained that he had completed the ordered house arrest and has reported to

---

1. The State did not appeal from this modification and does not challenge it in this appeal.

2

the jail at least three times for his remaining five day jail sentence, but was turned away due to overcrowding at the jail. He explained that this was interfering with his employment since he had to make special arrangements each time. The court stated that it would grant the motion and granted the State's request to stay execution of the newly imposed house arrest in order to appeal its ruling. Regarding the completion of the house arrest, the court informed Jones that he would "have to wait" until the ruling upon appeal.

{¶7} On the same date, the trial court filed a Journal Entry, granting the Motion for Sentence Modification and ordering the following: "Defendant shall do 15 days of [house arrest] in lieu of 5 days jail to commence within 30 days. Stay granted to April 22, 2014." The record does not indicate that this sentence has been served.

{¶8} The State sought leave to appeal the decision pursuant to Ohio App.R. 5(C).[2] This court granted that motion and the appeal was allowed to proceed.

{¶9} On appeal, the State raises the following assignment of error:[3]

{¶10} "The trial court erred in granting appellee's sentence modification."

{¶11} The State argues that the trial court improperly altered Jones' sentence to allow him to serve house arrest instead of a five day jail sentence, since that sentence was mandatory.

{¶12} Generally, "[m]isdemeanor sentencing is within the discretion of the trial court and a sentence will not be disturbed absent an abuse of discretion." (Citation

2. Pursuant to App.R. 5(C), "[w]hen leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court." *See* R.C. 2945.67(A) (allowing a prosecutor to appeal a decision, other than the "final verdict" of a trial court in a criminal case "by leave of the court to which the appeal is taken").
3. Jones did not file an appellee's brief.

3

omitted.) *State v. Corbissero*, 11th Dist. Ashtabula No. 2011-A-0028, 2012-Ohio-1449, ¶ 53. Misdemeanor sentences cannot be contrary to law or impose penalties that are outside the statutory authority. *See State v. Pope*, 9th Dist. Medina No. 13CA0031-M, 2014-Ohio-2864, ¶ 7 ("[u]nless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion") (citation omitted); *State v. Ehlert*, 11th Dist. Portage No. 2007-P-0032, 2008-Ohio-529, ¶ 13-14. *See also* R.C. 2929.22(A) ("[u]nless a mandatory jail term is required to be imposed * * * a court that imposes a sentence under this chapter upon an offender for a misdemeanor or minor misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of sentencing").

{¶13} Several statutes dictate the specific mandatory punishment required for the OVI conviction in the present case. Pursuant to R.C. 4511.19(G)(1)(b)(i), an offender who has been convicted of an OVI within six years of the present offense, and who is found guilty under division (A)(1)(a), shall be sentenced to "a mandatory jail term of ten consecutive days." This is the case unless, "subject to division (G)(3) of this section, [the trial court] instead imposes a sentence under that division consisting of both a jail term and a term of house arrest * * *."

{¶14} R.C. 4511.19(G)(3) provides that when an offender is sentenced under the foregoing section and the court finds that, "due to the unavailability of space at the jail where the offender is required to serve the term, the offender will not be able to begin serving that term within the sixty-day period following the date of sentencing, the court may impose an alternative sentence under this division that includes a term of house arrest * * *." "As an alternative to a mandatory jail term of ten consecutive days * * *, the

4

court, under this division, may sentence the offender to five consecutive days in jail and not less than eighteen consecutive days of house arrest * * *." *Id.*

{¶15} While the statute mandates that at least five days of consecutive jail time are required as punishment for the offense committed in this case, the analysis does not end here. This court must also consider whether the repeated failure for the sentence to be carried out warrants a reduction or a modification of Jones' sentence and would overcome the foregoing statutory mandate.

{¶16} The trial court expressed its unease with the fact that Jones had reported to the jail at least three times, had been turned away, and considered how this affected Jones. In *State v. Zucal*, 82 Ohio St.3d 215, 694 N.E.2d 1341 (1998), the Ohio Supreme Court also expressed concerns regarding the impact jail overcrowding had on the commencement of offenders' sentences, noting that the "growing societal problem, jail overcrowding, * * * has become increasingly difficult to remedy." *Id.* at 218. It further held that an "equitable remedy * * * that balances the criminal offender's liberty interests against the state's interest in the proper administration of justice" was necessary to prevent "unreasonable, burdensome, and unlawful restriction of appellant's freedom" and violations of due process. *Id.* at 219. Based on these concerns, the court allowed an offender's sentence to be vacated when there was a significant delay in execution due to jail overcrowding. Under *Zucal*, vacating or modifying even a mandatory sentence is permissible in the appropriate circumstances. *Id.* at 221.

{¶17} While the *Zucal* Court held that a sentence not completed within five years from the time it was imposed is unlawful and must be vacated, it has been held that it "is

5

still possible for a delay of less than five years to constitute a violation of due process, though it depends heavily on the facts specific to a case." *State v. Vince*, 7th Dist. Mahoning No. 08 MA 214, 2009-Ohio-4635, ¶ 18. This is especially true, given that, while *Zucal* ruled on the timeframe under which a sentence *must* be vacated, it did not specifically state that additional circumstances, such as excessive trips to the jail, could not also support vacating or modifying an offender's sentence.

{¶18} In the present case, although the timeframe during which Jones' sentence was ordered and the time it was modified was approximately a year and three months, it must also be emphasized that he was turned away from the jail at least three times during that period. This repeatedly interrupted his ability to work, and created "problems with [his] job," requiring him to use vacation time and request favors regarding his work schedule. This delay and constant disruption of Jones' life is especially concerning when taking into consideration the fact that his jail sentence was only five days but has caused many more days worth of inconvenience for him. Given the specific circumstances in this case, we find that the delay impacted Jones' right to have his sentence carried out. *State v. James*, 179 Ohio App.3d 633, 2008-Ohio-6139, 903 N.E.2d 340, ¶ 12 (8th Dist.) ("a delay in execution of sentence may result in a violation of due process").

{¶19} The circumstances of this case also raise concerns related to the Eighth Amendment to the United States Constitution, which provides that no "cruel and unusual punishments [may be] inflicted." *Also* Section 9, Article I of the Ohio Constitution. The jail overcrowding situation which prevented Jones from serving his sentence and resulted in him being turned away three times is certainly unusual, if not

cruel, as described above. It has been noted that concerns related to cruel and unusual punishment resulting from a delay in the execution of the sentence can include "inconvenience, frustration, inability to plan, and uncertainty, all of which conscript a defendant's real freedom during the extended period between pronouncement and execution of sentence." (Citation omitted.) *State v. Hennessy*, 9th Dist. Wayne No. 2813, 1994 Ohio App. LEXIS 504, 3-4 (Feb. 9, 1994).

{¶20} The State cites *State v. Mathia*, 11th Dist. Portage No. 92-P-0035, 1992 Ohio App. LEXIS 6217 (Dec. 11, 1992), in support of the proposition that this court has upheld a trial court's denial of a motion to vacate a sentence where execution of the sentence was delayed for three years due to jail overcrowding. In *Mathia*, this court affirmed the lower court's denial of the motion solely based on the failure of the appellant to provide a record that would support a conclusion to the contrary, rather than a holding on the merits of the argument that the sentence should be vacated due to overcrowding, and, therefore, the case does not support the State's position. *Id.* at 3-4. In fact, this court, like the Supreme Court in *Zucal*, expressed concerns regarding the impact of a delayed sentence on an offender, noting that "the state's right to have one serve declared sentences" must be balanced against "the significantly negative results that obtain when justice delayed is justice denied because society no longer has the same level of interest in its execution." *Id.* at 6. This court also emphasized that "at some point in time, the delay can and does become violative of constitutional dictates." *Id.* at 7. Thus, contrary to the State's contention, the decision in *Mathia* actually supports a conclusion that a delay in enforcing a sentence due to overcrowding can justify vacating or modifying the sentence, as is the case here.

7

{¶21} Given the foregoing, we cannot find that the trial court erred in modifying Jones' jail sentence to house arrest in the interest of protecting his due process and Eighth Amendment rights.

{¶22} The sole assignment of error is without merit.

{¶23} For the foregoing reasons, the judgment of the Ashtabula County Court, Eastern District, granting Jones' Motion for Sentence Modification, is affirmed. Costs to be taxed against the appellant.


COLLEEN MARY O'TOOLE, J., concurs,

CYNTHIA WESTCOTT RICE, J., dissents with a Dissenting Opinion

_____


CYNTHIA WESTCOTT RICE, J., dissents with a Dissenting Opinion.

{¶24} The majority acknowledges that appellant was statutorily required to serve five days of consecutive jail time as punishment for his plea to the underlying OVI charge, pursuant to R.C. 4511.19(G)(3). The majority maintains, however, that the delay in executing the sentence, due to jail overcrowding, overcomes the statutory mandate in this case. I respectfully disagree with the majority's position.

{¶25} R.C. 4511.19(G)(3) provides, in pertinent part:

As an alternative to a mandatory jail term of ten consecutive days required by division (G)(1)(b)(i) of this section, the court, under this division, may sentence the offender to five consecutive days in jail

8

and not less than eighteen consecutive days of house arrest with electronic monitoring, with continuous alcohol monitoring, or with both electronic monitoring and continuous alcohol monitoring. The cumulative total of the five consecutive days in jail and the period of house arrest with electronic monitoring, continuous alcohol monitoring, or both types of monitoring shall not exceed six months. The five consecutive days in jail do not have to be served prior to or consecutively to the period of house arrest.

{¶26} Appellant was sentenced to R.C. 4511.19(G)(1)(b)(i) and the court, pursuant to appellant's original motion to modify sentence, modified appellant's sentence to 45 days house arrest and five days in jail. Nothing in R.C. 4511.19(G)(3) indicates the court possesses the discretion, however, to further modify a sentence in such a way that would completely eliminate the five days of jail time imposed as an alternative to the original mandatory 10-day term. The trial court's modification in this matter was therefore contrary to law.

{¶27} The majority, however, cites to *State v. Zucal*, 82 Ohio St.3d 215 (1998), as a foundation for its position that a court can further modify such a sentence to eliminate the mandatory, statutory term. In *Zucal*, the Ohio Supreme Court held that "[i]n convictions involving misdemeanor offenses, a delay in execution of sentence resulting from jail overcrowding that exceeds five years from the date that sentence was imposed is unlawful." *Id.* at paragraph one of the syllabus. The court observed that, although it was not prepared to conclude a delay of more than five years amounts to cruel and unusual punishment, it maintained such a delay is "an unreasonable,

9

burdensome, and unlawful restriction on [a defendant's] freedom * * *." *Id.* at 219. Under such circumstances, the Court determined a defendant's sentence should be vacated.

{¶28} The majority points out that *Zucal* held that a delay of *more than* five years is unlawful. The majority consequently notes that a delay of less than five years *could* constitute a deprivation of due process justifying a modification. Although I do not take issue with this point, the circumstances of the delay would have to be extreme. For instance, in *State v. James*, 179 Ohio App.3d 633, 2008-Ohio-6139 (8th Dist.), the court held that a 44-month delay in the execution of a defendant's sentence was unreasonable, mainly because the sentence was originally ordered to be served concurrently to sentences which were in fact served. *Id.* at ¶13. The court in *James* emphasized its ruling was premised upon the unique facts of the case and that neither society nor the justice system would derive a benefit from enforcing the sentence. *Id.*

{¶29} In this matter, appellant faced a delay of 16 months from the imposition of sentence to the time the court granted his motion to modify his sentence. During this time, he was turned away three times due to jail overcrowding. While this may have caused some inconvenience to appellant, I cannot conclude it is so onerous or shocking to the conscience that it represents "an intolerable affront to fundamental fairness." *See Brewster v. Sexton*, 73 Ohio App.3d 777, 779 (5th Dist.1992) (Fifteen-month delay due to jail overcrowding was neither cruel and unusual nor a violation of due process); *State v. Durham*, 9th Dist. Wayne No. 96CA0013, 1996 Ohio App. LEXIS 5126, *12 (Nov. 20, 1996) (delay of 52 months neither cruel and unusual, nor a violation of due process); c.f. *Zucal*, *supra* (five-year delay violates due process); *State v. Hennessy*, 9th Dist. Wayne

No. 2813, 1994 Ohio App. LEXIS 504, *4 (Feb. 9, 1994) (six-year delay violative of constitutional right to fundamental fairness inherent in the Due Process Clause).

{¶30} Because I would conclude the 16-month delay does not violate appellant's due process right to fundamental fairness, I would reverse the trial court's decision modifying appellant's mandatory jail sentence and remand the matter for the trial court to reinstate its previous order.

{¶31} I therefore dissent.